UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert Cleveland Mabry, Jr. ) | Civil Action No.: 6:17-cv-1322-AMQ |
| Plaintiff, ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Nancy A. Berryhill, Acting ) | |
| Commissioner of Social Security, ) | |
| Defendant. ) | |

This is a Social Security appeal brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) in which Plaintiff Robert Cleveland Mabry, Jr. ("Plaintiff") seeks judicial review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("Report") on March 27, 2018, recommending that the Commissioner's decision be affirmed. (ECF No. 17). Plaintiff filed objections to the Report on April 10, 2018 (ECF No. 21), and the Commissioner filed her reply on April 19, 2018. (ECF No. 22.) The Court has reviewed Plaintiff's objection, but, in light of the record, finds them to be without merit. Therefore, the Court adopts the Report of the Magistrate Judge and affirms the decision of the Commissioner, as further explained below.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff filed an application for DIB and SSI benefits on April 7, 2015 and April 12, 2016, respectively. Plaintiff alleges a disability onset date of April 1, 2015, subsequently amended to August 1, 2015. (Tr. at 21.) The application was denied initially and upon reconsideration by the Social Security Administration. (Tr. at 21.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on June 13, 2016. (Tr. at 21.) The ALJ heard testimony before Plaintiff and an impartial vocational expert, Courtney Stiles, at a hearing on October 6, 2016. (Tr. at 21.) On November 14, 2016, the ALJ issued a ruling and found that Plaintiff was not under a disability as defined by the Social Security Act. (Tr. at 20-41.) The Social Security Appeals Council denied Plaintiff's request for review on April 4, 2017 (Tr. at 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on May 22, 2017. (ECF No. 1.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 17 at 30.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual

or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

In the Report, the Magistrate Judge considered Plaintiff's argument that the ALJ erred in his evaluation of the medical opinions of treating physicians Drs. Gheorghiu and Westmoreland, and in giving significant weight to the opinions of examining physician Dr. Junker and state agency reviewing physicians Drs. El-Ibiary and Lang. (ECF No. 17 at 19.) The Magistrate Judge considered the several reasons articulated by the ALJ as to why the opinions of Drs. Gheorghiu and Westmoreland could not be given controlling weight, and the ALJ's consideration of the same in light of the evidence in the record. (ECF No. 17 at 20.) The Magistrate Judge found that the ALJ gave Dr. Gheorghiu and Dr. Westmoreland's opinions proper consideration and weight based on the entire record, and so recommended to this Court. (ECF No. 17 at 26, 28.) The Magistrate Judge also considered the weight given by the ALJ to the opinions of Drs. El-Ibiary and Lang in light of the entire record and found the reliance on those opinions to be appropriately considered and weighed. (ECF No. 17 at 29-30.) The Magistrate Judge thus recommended that the Commissioner's decision be affirmed, as it was based on substantial evidence and free from error. (ECF No. 17 at 30.)

### III.  PARTIES' RESPONSE

Plaintiff filed objections to the Report ("Objections") on April 10, 2018. (ECF No. 21.) Specifically, Plaintiff argues that the Magistrate Judge did not properly consider Dr. Gheorghiu's

opinions, the objective findings supporting his opinions, the record of Plaintiff's work history and activities in light Dr. Gheorghiu's opinion and Plaintiff's limitations Dr. Gheorghiu identified in light of the diagnostic evidence. (ECF No. 21 at 3-5.) Plaintiff also suggests that the Magistrate Judge overlooked the fact that the ALJ found Plaintiff to have severe impairments of anxiety and dysthymia. (ECF No. 21 at 3). Plaintiff claims the Magistrate Judge also ignored the fact that Dr. Gheorghiu's August 10, 2015 Physical Assessment indicated that Plaintiff had symptoms of numbness and tingling in his hands and feet as well as weakness, as those symptoms were not inconsistent with Mr. Gheorghiu's other opinions. (ECF No. 21 at 2.) Plaintiff also objects to the Magistrate Judge's discounting of Dr. Gheorghiu's opinion concerning Plaintiff's depression. (ECF No. 21 at 3-4.) Finally, Plaintiff argues that the Magistrate Judge failed to recognize the import of the ALJ's error concerning the definition of "sedentary work" applied by Dr. Gheorghiu in that the ALJ specifically indicated that a purported difference in definitions was one reason he rejected Dr. Gheorghiu's opinions. (ECF No. 21 at 6.) Plaintiff maintains that the ALJ's errors regarding Dr. Gheorghiu's opinions apply equally to Dr. Westmoreland's opinions. (ECF No. 21 at 7.) In sum, Plaintiff states that both the treating specialist and primary provider gave consistent opinions supporting disability and that remand is required to allow for a proper evaluation of the opinion evidence in this case. (ECF No. 21 at 8.)

The Commissioner filed a reply to Plaintiff's objections to the Report asking this Court to affirm the final administrative decision by adopting the Report. (ECF No. 22.) The Commissioner argues that the Magistrate Judge correctly found that the ALJ provided ample, well-supported reasons for finding that controlling weight could not be given to the opinions of Drs. Gheorghiu and Westmoreland.

## IV. DISCUSSION OF THE LAW

### A. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This standard precludes de novo review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an

improper standard or misapplication of the law. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater,* 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)).

B. **ANALYSIS AND DISCUSSION**

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see Woods v. Berryhill*, 888 F.3d 686, 689 (4th Cir. 2018). It is Plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)("The applicant bears the burden of production and proof during the first four steps of the inquiry."). Nevertheless, the ALJ is to develop the record and where he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

Here the ALJ found that Plaintiff had several medically determinable severe impairments to include spinal degenerative disk disease; scoliosis; idiopathic peripheral neuropathy; status post right fourth and fifth metacarpal fracture; carpal tunnel syndrome; anxiety; and dysthymia. (Tr. at 23.) The ALJ concluded that despite these impairments, Plaintiff retained the residential functional capacity to perform sedentary work (subject to certain exceptions) as further outlined in his opinion. (Tr. at 22.) The record is significant and contains conflicting medical evidence and opinions, some of which support Plaintiff's claim, while others support the findings of the Commissioner. The ALJ was tasked with weighing the conflicting evidence and the opinions of all medical sources including treating physicians. 20 C.F.R. § 404.1527(b)(evaluating opinion evidence for claims filed before March 27, 2017); *see Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 255 (4th Cir. 2017). The ALJ noted that Plaintiff's treating physician, Dr. Gheorghiu, was of the opinion that Plaintiff was not capable of performing anything more than sedentary work. (Tr. at 443-444; 546.) Treating physician Dr. Westmoreland indicated similarly. (Tr. at 462-63; 539-40). However, the ALJ noted some inconsistencies and contradictory evidence in the record as it related to Plaintiff's work history, physical functional limitations, and his testimony, in particular, as well as the physicians' own reports. (Tr. at 35-38.) Accordingly, the ALJ indicated that he could not assign their opinions either controlling weight, or more than little weight. (Tr. at 36-37.) The ALJ further reviewed the reports and opinions of two consulting experts, Dr. Junker and Dr. Loring, both of whom conducted examinations of Plaintiff near the final stages of the administrative review process. These examining physicians recognized Plaintiff had significant impairments but also had findings inconsistent with a full disability claim. (Tr. at 470-75, 479-81.) For instance, Dr. Junker conducted a comprehensive physical examination of Plaintiff and had relatively normal findings despite concurring in the diagnosis of

7

peripheral neuropathy. (Tr. at 4 72-75.) In short, the record was in conflict and it was the duty of the Commissioner to weigh the entire record, reconcile the conflicts and reach conclusions.

Plaintiff's objections to the Report and Recommendation primarily concern the weight given to the treating physicians' testimony and ALJ's consideration of same. Generally, an ALJ will "accord greater weight to the testimony of a treating physician" but the relevant rule does not require that the testimony always be given controlling weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992); *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006)("The treating physician rule is not absolute."). The ALJ is to give controlling weight to a treating physician's opinion if it is not inconsistent with substantial evidence in the record and is well supported by clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1527 (c)(2), 416.927 (c)(2); *see also* SSR 96-2p, 1996 WL 374188, at *5 (1996) (requiring the ALJ to provide an explanation of the weight given to the treating source's medical opinion). By negative implication, it follows that a treating physician's opinion can be accorded less weight if it is not supported by the clinical evidence or if it is inconsistent with other substantial evidence. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 255–56 (4th Cir. 2017).

In considering the objections, the Court finds that the Commissioner offered good reasons for giving less weight to the treating physicians and more weight to non-treating physicians, including the two examining physicians. The Court has considered Plaintiff's objection concerning certain questionnaires and forms submitted by the treating physicians and the ALJ's treatment of the same as dealt with by the Magistrate Judge. (ECF No. 21 at 1-2, 4-6.) The

Court has reviewed the responses provided in this record from Plaintiff's treating physicians, and they provide sufficient information upon which to understand and weigh their opinions. (Tr. at 96-99, 443-44, 462-63, 539-40, 546.) Further, the Court concurs with the Magistrate Judge as it related to the definition of sedentary work considered by Dr. Gheorghiu in light of the ALJ's analysis (ECF No. 17 at 25-26), in that the ALJ ultimately offered many reasons for giving less than full weight to the opinions of Plaintiff's treating physicians. Even still, the ALJ was not inconsistent with Dr. Gheorghiu in that regard as they both agreed that Plaintiff was limited to no more than the exertional requirements of sedentary work.

Ultimately, it is the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the Commissioner] if his decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Of course, "judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator," but here, the ALJ has set forth an adequate explanation of his treatment of Drs. Gheorghiu and Westmoreland's opinions and the weight given to those opinions. *See DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983); *see also Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). The court agrees with the Magistrate Judge that there is substantial evidence in the entire record that supports the ALJ's decision.

V.     **CONCLUSION**

For the reasons set forth above, the Court finds there is substantial evidence to support the ALJ's conclusion Plaintiff was not disabled under the Act during the relevant time period and the ALJ's decision is free from reversible legal error.  Further, the determination is reasonable.  Thus, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court the Commissioner's final decision denying Plaintiff's claims is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ A. Marvin Quattlebaum, Jr.
United States District Judge

July 18, 2018
Greenville, South Carolina